UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARY E. DANIELS, ) | 1:12CV2873 |
| ) | |
| Petitioner ) | |
| ) | JUDGE JACK ZOUHARY |
| v. ) | (Mag. Judge Kenneth S. McHargh) |
| ) | |
| KIMBERLY CLIPPER, ) | |
| Warden, ) | |
| ) | |
| Respondent ) | REPORT AND |
| ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Gary E. Daniels ("Daniels") filed a petition pro se for a writ of habeas corpus arising out of his 2011 conviction for rape in the Lorain County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Daniels raises a single ground for relief:

1. Ineffective assistance of trial counsel; ineffective assistance of appellate counsel.

(Doc. 1, § 12.) The respondent has filed a Return of Writ (doc. 9), and Daniels has filed a Traverse (doc. 10).

I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual background:

The victim in this case, E.H., and her family lived in the downstairs portion of a vertical duplex. Daniels resided in the upstairs portion of

the duplex along with his two children. E.H. frequently visited Daniels' residence, as she babysat his two children and borrowed items from Daniels on behalf of her mother. In January 2011, E.H. and her mother went to the Health Department so that E.H. could get a booster shot. The nurse who examined E.H. became suspicious that E.H. showed signs of pregnancy and performed a pregnancy test. The test was positive. E.H. was twelve years old at the time she discovered she was pregnant. She had an abortion in her 17th week of pregnancy, and later DNA testing confirmed that Daniels was the father of E.H.'s baby. At the time of trial, Daniels was 64 years old.

A grand jury indicted Daniels on one count of rape, in violation of R.C. 2907.02(A)(1)(b). A jury trial began on May 31, 2011, at the conclusion of which the jury found Daniels guilty of rape. The court sentenced Daniels to ten years in prison.

(Doc. 9, RX 6, at 1-2; State v. Daniels, No. 11CA010021, 2012 WL 1581423, at *1 (Ohio Ct. App. May 7, 2012).)

Daniels appealed his conviction, presenting two assignments of error:

1. The verdict is against the manifest weight of the evidence in violation of Mr. Daniels's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio state constitution.

2. The trial court erred in allowing the state to introduce hearsay evidence in violation of Mr. Daniels's right to confrontation as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

(Doc. 9, RX 4.) The court of appeals affirmed Daniels' conviction. (Doc. 9, RX 6; Daniels, 2012 WL 1581423.) Daniels did not appeal this decision to the Supreme Court of Ohio.

Daniels filed an application to reopen his appeal pursuant to Ohio App.R. 26(B) on May 24, 2012, on the basis of ineffective assistance of appellate counsel.

2

(Doc. 9, RX 7.) He argued that counsel was ineffective for failure to raise issues regarding the collection of DNA samples. Also, appellate counsel failed to communicate with him during the appeal process. (Doc. 9, RX 7, at 3.) On July 16, 2012, the court of appeals denied his application to reopen. (Doc. 9, RX 8.)

Daniels appealed the denial of his Rule 26(B) application to the Supreme Court of Ohio, setting forth a single proposition of law:

> 1. Appellant counsel failed to raise the fact that the DNA was not properly handled. Thus violating Appellant's due process rights, equal protections, as well as effective assistance of trial counsel in violation of the 6th, 5th, and 14th Amendment rights of the U.S. Constitution and Sec. 10 of the O.S.C.

(Doc. 9, RX 10.) On Oct. 24, 2012, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, RX 12; State v. Daniels, 133 Ohio St.3d 1426, 976 N.E.2d 916 (2012).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a

>decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

III. INEFFECTIVE ASSISTANCE OF COUNSEL

Daniels alleges both ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. (Doc. 1, § 12.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal, as well as at trial. Evitts v. Lucey, 469 U.S. 387 (1985).

The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application

of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has affirmed that this court must approach the state court's rulings in a highly deferential manner. The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard. Harrington v. Richter, 131 S.Ct. 770, 785 (2011). The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S.Ct. at 788.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting Richter). The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so. Id. at 786; see also Montgomery, 654 F.3d at 676.

### A. Ineffective Assistance of Trial Counsel

The respondent contends that Daniels' claim of ineffective assistance of trial counsel has been procedurally defaulted, because he did not raise the claim on direct appeal. (Doc. 9, at 11-12.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas

7

court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Any ineffective-assistance claims that Daniels could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Daniels was, fails to raise the issue of ineffective assistance of trial counsel. Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert.

8

denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Daniels has made no showing of cause. See generally doc. 10.

The claim of ineffective assistance of trial counsel has been procedurally defaulted.

### B. Ineffective Assistance of Appellate Counsel

The respondent contends that Daniels' claim of ineffective assistance of appellate counsel is without merit. (Doc. 9, at 12-14.) The issue before this habeas court is whether the state court's application of Strickland to the facts was "objectively unreasonable." Washington, 228 F.3d at 702; see also Richter, 131 S.Ct. at 786-788.

The state court of appeals ruled that Daniels had not satisfied either prong of Strickland. (Doc. 9, RX 8, at 3.) The court found that appellate counsel had raised

9

the argument that Daniels' DNA sample must have been mistakenly transposed with another sample. (Doc. 9, RX 8, at 2, citing doc. 9, RX 6, at 4; Daniels, 2012 WL 1581423, at *2; see generally doc. 9, RX 4, brief of appellant, at 9.) The court was unable to discern any other assignment of error or argument that was not previously considered on the merits. Id. As to Daniels' argument that appellate counsel had not communicated with him during his appeal, the court found that Daniels had not explained how he had been prejudiced by this fact. Id. at 2-3.

Reviewing Daniels' arguments (doc. 10), and the decision of the state court of appeals, the court finds that Daniels has failed to demonstrate that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787.

## IV. SUMMARY

The petition for a writ of habeas corpus should be denied.

The claim of ineffective assistance of trial counsel has been procedurally defaulted. As to his claim of ineffective assistance of appellate counsel, Daniels has failed to demonstrate that the state court's application of Strickland to the facts of his case was objectively unreasonable, so that claim should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Apr. 3, 2014                  /s/ Kenneth S. McHargh
                                                                                 Kenneth S. McHargh
                                                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).