IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Gary E. Daniels, | Case No. 1:12 CV 2873 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Kimberly Clippers, *Warden*, | |
| Defendant. | |

### INTRODUCTION

Pro se Petitioner Gary Daniels, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent filed a Return of Writ (Doc. 9), to which Petitioner filed a Traverse (Doc. 10). The Magistrate Judge's Report and Recommendation ("R&R") recommends this Court deny the Petition (Doc. 13). Petitioner timely filed an Objection to the R&R (Doc. 16). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed *de novo* the recommendation of the Magistrate Judge. For the reasons stated below, the R&R is adopted and this Petition is denied.

### BACKGROUND

Petitioner has not objected to the facts presented in the R&R (Doc. 13 at 1–3) and they are adopted in full.

Briefly, a jury convicted Petitioner of rape, and the trial court sentenced Petitioner to ten years to life imprisonment (Doc. 9-1 at 4 & 7). The rape charge arose when Petitioner's 12-year-old neighbor was found to be pregnant, and DNA testing of the fetus revealed Petitioner to be the father. Petitioner was 64 years old at the time of his conviction. Petitioner appealed his conviction and sentence, asserting that the verdict was against the manifest weight of the evidence and that the trial court erred by allowing the prosecution to introduce hearsay evidence (*id.* at 57 & 59). In May 2012, the Ohio Court of Appeals affirmed his conviction (*id.* at 61). Petitioner then applied to have his direct appeal reopened, pursuant to Ohio Appellate Rule 26(B) (*id.* at 63). The Ohio appellate court denied his application (*id.* at 74). Petitioner next appealed the denial of his Application to Reopen to the Supreme Court of Ohio (*id.* at 76). In October 2012, the Supreme Court of Ohio dismissed the appeal as not presenting a substantial constitutional question (*id.* at 97). In November 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus, claiming ineffective assistance of trial and appellate counsel (Doc. 1 at 5).

## STANDARD OF REVIEW

When the state courts have adjudicated a federal habeas claim, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court reaches a decision contrary to the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely

2

erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find [the relevant state court decision] so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible, credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

In addition, because Petitioner is appearing pro se, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## DISCUSSION

### Standard

In alleging ineffective assistance of counsel, Petitioner first must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The second inquiry is whether counsel's sub-standard performance prejudiced the defense. *Id.* at 692. This scrutiny is highly deferential and requires the court to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Courts are to presume that counsel's performance fell "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal citation and quotation marks omitted).

Further, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult," when compared to *de novo* review of such a claim. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 788 (2011). The two highly deferential standards make

review doubly deferential. *Id.* "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

**Ineffective Assistance of Trial Counsel**

Petitioner objects to the Magistrate Judge's finding that his claim of ineffective assistance of trial counsel was procedurally defaulted, claiming there was an absence of state corrective processes and that circumstances existed which rendered the available processes ineffective in protecting his rights (Doc. 16 at 1) (citing 28 U.S.C. § 2254(b)(1)(B)). Petitioner's objections are based on AEDPA's exhaustion requirement and exceptions to that requirement. However, exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982). As discussed below, state remedies are no longer available to Petitioner; therefore, his claims are analyzed under procedural default standards, not exhaustion.

"Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Williams v. Anderson*, 460 F.3d 789, 805–06 (6th Cir. 2006). A petitioner may default a claim in two ways: (1) failing to adhere to the state's procedural rules; or (2) failing to raise and pursue that claim "through the state's ordinary appellate review procedures." *Id.* at 806 (internal citations and quotation marks omitted). A claim is procedurally defaulted, then, if "state law no longer allows the petitioner to raise the claim" at the time the petitioner files his habeas petition, and this default "bars federal court review." *Id.*

Under Ohio's *res judicata* doctrine, a "convicted defendant" is barred "from raising and litigating, in any proceeding, except an appeal from that judgment, any defense or any claimed lack

4

of due process that was raised or could have been raised" at trial or on appeal from the trial verdict. *State v. Perry,* 10 Ohio St. 2d 175, 180 (1967). "Res judicata also bars [a convicted defendant from raising in state post-conviction collateral proceedings] ineffective assistance of *trial* counsel claims, not asserted on direct appeal, when the defendant is represented by a different counsel on direct appeal." *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004) (emphasis in original).

Petitioner, represented by new counsel, appealed his conviction based on two assignments of error: (1) the verdict was against the manifest weight of the evidence; and (2) the trial court erred when it allowed the prosecution to introduce hearsay evidence (Doc. 9-1 at 57 & 59). Petitioner did not include in his assignments of error a claim of ineffective assistance of trial counsel, despite having new counsel for his appeal; therefore, this claim is procedurally defaulted.

To overcome the procedural default and have this claim decided on its merits before this Court, Petitioner must show cause for the default and actual prejudice resulting from the default. *Engle*, 456 U.S. at 129. In his Traverse and Objection, Petitioner fails to give any reason for this default, save his recitation of the language of 28 U.S.C. § 2254 (b)(1)(B) (Doc. 16 at 1), in which he appears to suggest there was a lack of state processes or that existing state processes were ineffective to protect his rights. Outside this vague allegation, Petitioner fails to make any showing of cause for procedurally defaulting this claim.

**Ineffective Assistance of Appellate Counsel**

Petitioner objects to the Magistrate Judge's finding that the state court's ruling regarding his claim of ineffective assistance of appellate counsel was not "objectively unreasonable" (Doc. 16 at 2). Petitioner reiterates his claim that appellate counsel refused to raise an assignment of error

5

claiming the law enforcement procedures involved in collecting his DNA violated his constitutional rights (Doc. 16 at 1–2).

The state court of appeals found Petitioner "failed to meet either prong of the *Strickland* test" and, therefore, denied his application to reopen his appeal (Doc. 9-1 at 74). The appellate court found that, while Petitioner claimed appellate counsel failed to assert an assignment of error regarding the collection of his DNA, appellate counsel did, in fact, raise that argument on appeal (*id.*). On appeal, counsel asserted that "the evidence in this case suggests that the DNA samples . . . were switched or mislabeled during the collection, transportation, and testing of the evidence" (*id.* at 22). Appellate counsel concluded by arguing that "the evidence gathering techniques used in this case undermine the credibility of the results" (*id.* at 23). The Ohio appellate court then rejected this claim on its merits (*id.* at 59, ¶ 10). Because appellate counsel did raise this claim on appeal, Petitioner has failed to show appellate counsel's performance was deficient.

The appellate court next wrote it was unable to discern an independent assignment of error from Petitioner's additional statement that he "was denied a fair trial by counsel the compulsory process of the DNA (sic)" (*id.* at 73) (citing Doc. 9-1 at 65). Finally, the appellate court found that Petitioner failed to show he was prejudiced by appellate counsel's alleged lack of correspondence with Petitioner (*id.* at 73–74). The only claim Petitioner made in his application for reopening regarding communication with appellate counsel was that counsel had only corresponded with him twice during the appeal process (*id.* at 65). Petitioner made no mention of prejudice, therefore failing to satisfy the *Strickland* test.

After reviewing the state appellate court decision and the record, this Court finds Petitioner fails to prove the decision was "contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation (Doc. 13). The Petition is denied. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

June 6, 2014